Donald C. Cooke

    v.

Gundlach Plumbing

June 27, 1977

Case No. 8773

By JUDGE WILLARD I. WALKER

The defendant's motion to set aside the verdict of the jury in this case is sustained and an appropriate order has been entered. The court's reasoning in sustaining this motion is set forth below.

The defendant's motion to set aside the verdict of the jury was predicated upon three grounds. 1. That the defendant was free of any negligence as a matter of law; 2. that the plaintiff was guilty of contributory negligence as a matter of law; and 3. that the court's instruction No. 7 was in error.

With respect to ground No. 1, the court finds absolutely no basis for a finding by the court that the defendant was free of negligence as a matter of law. With respect to ground No. 2, the court, having reviewed its own notes and recollection of the evidence, and considering the evidence, as it must, in a light most favorable to the plaintiff, is still of the opinion, as it was at the trial, that the evidence fairly considered with all reasonable inferences taken does not justify finding the plaintiff guilty of contributory negligence as a matter of law. The

court is not unmindful of the cases of *National Cab Co.* v. *Bagby*, 196 Va. 703 (1955), and *Eggleston v. Broadway Manhattan Taxi Cab Corp.*, 194 Va. 584 (1954). However, the court feels that the evidence in this case is distinguishable from the evidence in those cases. We are not dealing with an ordinance prohibiting the action being taken by the plaintiff. Additionally, the plaintiff's testimony was that he did look and saw no traffic that he felt was so dangerously close to him that it would be unreasonable for him to attempt to open his car door and enter the vehicle. Even though the testimony of the defendant, and some of the physical evidence, would indicate that the defendant's speed was not excessive, the jury could have fairly inferred from the evidence that the defendant's vehicle was in sight but not close enough to the plaintiff to make his conduct unreasonable when the plaintiff saw the vehicle, and that in the intervening seconds that took place, that vehicle could have closed upon the plaintiff's vehicle due to excessive speed or to the fact that it was moving faster than it should have toward the park lane where plaintiff's vehicle was located.

In order for the plaintiff to be found guilty of contributory negligence as a matter of law on the evidence in this case, it would be necessary for the evidence to show conclusively that the plaintiff failed to look at all, or that he looked and failed to take heed of a vehicle that was obviously so close to him that his proposed conduct of opening his door and getting into his vehicle would be automatically negligence. In my opinion, the evidence in this case does not justify that conclusion, but rather presents an issue for a jury determination. The jury, of course, resolved that issue favorably to the plaintiff.

Ground No. 3, the impropriety of the court's instruction No. 7, gives the court considerable trouble. Virginia Code § 46.1-334 reads as follows:

> No vehicle shall carry any *load* extending more than six inches beyond the line of the fender or *body*, provided such load shall not exceed a total outside width as prescribed by Section 46.1-328. (Italics added.)

Notwithstanding the holding in *Tiller* v. *Commonwealth*, 193 Va. 418, 69 S.E.2d 441 (1952), this court cannot stretch the words as found in § 46.1-334 beyond their ordinary and customary meaning. The plaintiff would have the court find as a matter of conclusive fact, or a matter of law, that the word "load" as contained in this section means not only the traditional concept of materials or products being hauled by or carried on the vehicle but also certain appurtenances or fixtures attached to the vehicle. The court simply cannot find that the word "load" carries with it that connotation, particularly when read with the preceding words "carry any load."

Each counsel would have the court define the intent of the legislature in the enactment of § 46.1-334. This the court will not do because the intention of the legislature as expressed in this section could easily be consistent with the position of each counsel in this case. The court must look to the words themselves and give them the plain meaning that they ordinarily have.

Under the facts in this case, the defendant, Gundlach, had taken a regular pick-up truck and had attached thereto by bolts a pipe rack which may have extended more than six inches beyond the fender or main body line of the vehicle. While the plaintiff elicited testimony, without objection, from the defendant that this addition to the vehicle was made without special permit, this fact is totally irrelevant to the case because there was no evidence of any regulation that would require a permit to be obtained for this purpose. It is also immaterial whether this pipe rack had come with the truck as part of its manufactured original equipment, or whether it was added by the defendant. There was nothing in the evidence to indicate that this addition was improper or in violation of any law. While the case is silent on the question of whether the vehicle had passed inspection subsequent to the addition of the pipe rack, the court will not assume that it did not pass inspection.

The court is of the opinion that the word "load" as used in § 46.1-334 pertains to those things carried upon the vehicle for a temporary period of time and does not embrace such things as the pipe rack in question which was attached to and became a part of the body of the vehicle.

However, even if the court were to conclude as a matter of law that the word "load" embraced the pipe rack attached to the defendant's vehicle, instruction No. 7 given by the court would still be in error. The court's instruction No. 7 added the word "fixture" in the first paragraph where the statute does not contain that word. In doing so, the court has made a determination that the pipe rack is in fact a load as a matter of law. In the second paragraph of the instruction the error is even more obvious, for the court there identifies the rack extending along side the defendant's vehicle and tells the jury that if that rack was in fact more than six inches beyond the body or fender of the vehicle the defendant, Gundlach, was negligent. In the court's opinion, if any instruction could have been given on § 46.1-334, it would have to have been in the language of the statute, to wit: "The court instructs the jury that no vehicle shall carry any load extending more than six inches beyond the line of the fender or body, provided such load shall not exceed a total outside width as prescribed by Section 46.1-338," or similar language. In this way the negligence of the defendant would be left to the jury on two issues. Did the pipe rack extend more than six inches beyond the side of the vehicle? Secondly, was the pipe rack a load as defined in § 46.1-328?

Therefore, the granting of instruction No. 7, at the request of counsel for the plaintiff, was error prejudicial to the interest of the defendant, and the jury verdict in this case must be set aside and the matter retried upon proper instructions of law.

Counsel for plaintiff and defendant have appeared before the court at a subsequent time to argue the question whether or not the court is precluded at this stage from considering the error in instruction No. 7 by virtue of a lack of timely objection by counsel for the defendant to this instruction. After considering the transcript of the proceedings, the court's notes and recollections, and having listened to counsel on the factual issue, as well as the law applicable thereto, the court reaches the following conclusions.

Even though the transcript of the proceedings prepared by the court reporter do not indicate any objection to instruction No. 7 other than that there was insufficient

evidence for the jury to be able to come to any conclusion with respect to whether or not the rack actually protrudes more than six inches from the body of the truck, the court's recollection would indicate that counsel for the defendant gave the court considerably more guidance than that in his objection prior to the time the instruction was actually given. It is regrettable that the court did not insist that the court reporter transcribe the dialogue between court and counsel preparatory to the granting of instructions; however, the court must now rule, based upon its own recollection, aided by that of counsel, and by what evidence the court can find in the record and in the court's file. My recollection is that the question concerning the use of the word "fixture" in the second paragraph of instruction No. 7, which in effect told the jury that the rack was a load, was discussed and rejected by the court erroneously prior to the granting of the instruction. That being true, the usual basis for rejecting a delayed objection is not present, inasmuch as the court did have the benefit of the advice being offered by defense counsel. Likewise, if the court's recollection is correct, counsel for the plaintiff had the opportunity to withdraw the instruction or to suggest a modification to the court.

This matter continues on the docket to be rescheduled for trial if counsel be so advised.